# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

―――――

Filed On: August 29, 2006

No. 05-7054

SHARON BOONE HENDERSON,
APPELLANT

v.

GEORGE WASHINGTON UNIVERSITY D/B/A GEORGE
WASHINGTON UNIVERSITY MEDICAL CENTER AND MEDICAL
FACULTY ASSOCIATES, AND
MICHAEL SALEM,
APPELLEES

―――――

Before: GRIFFITH, *Circuit Judge*, and EDWARDS and
SILBERMAN,* *Senior Circuit Judges*.

## O R D E R

Upon consideration of appellees' petition for rehearing filed
July 3, 2006, it is

ORDERED that the petition be denied.

## Per Curiam

2

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:
Deputy Clerk

* A separate statement of Senior Circuit Judge Silberman concurring in the denial of rehearing is attached.

SILBERMAN, *Senior Circuit Judge*, concurring in the denial of rehearing:

Although our opinion has passages which could be read as indicating that we disagree with the district judge's determination under Rule 403 to exclude the Jones Report as plaintiff's affirmative evidence of negligence, our holding, as set forth in Section D, 449 F.3d 127, 141 (D.C. Cir. 2006), is more narrow. It was the refusal of the district judge to allow the plaintiff to introduce the Jones Report as rebuttal to the defendant's evidence of his supposed normal practice and as rehabilitation of plaintiff's witness, after defendant's cross examination, that is the crucial element in our determination that the district court abused its discretion.

In other words, as our opinion indicates, it was one thing for the district court to exclude the Jones Report under Rule 403 (or 404), but quite another to allow defendant to take palpably unfair advantage of this ruling. If the only issue in the case had been the judge's exclusion of the Jones Report as affirmative evidence, in my view, we would have been obliged to affirm, under our standard of review of Rule 403 rulings, even were we to strike a different balance between the Jones Report's probative value and prejudice to the defendant. In sum, for Rule 403 jurisprudential purposes, this case is extraordinary.